IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MA VONGPHAKDY | : | |
| | : | |
| v. | : | Civil Action No. 07-1010 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**<u>MEMORANDUM AND ORDER</u>**

AND NOW, this 11th day of March, 2008, upon consideration of plaintiff's motion for attorney fees (Doc. No. 18) the response, reply, sur-reply, and response thereto (Doc. Nos. 19, 20, 22, 25), the court makes the following findings and conclusions:

1.  The parties agree that the amount of attorney fees to be paid pursuant to the Equal Access to Justice Act ("EAJA") is $3,422.30.

2.  However, the parties disagree regarding whether the attorney fees should be paid to the plaintiff or directly to plaintiff's counsel.[1]  The Court of Appeals for the Third Circuit has not issued any reported decision, establishing precedent directing this court on this issue.

3.  Pursuant to the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses."  28 U.S.C. § 2412(d)(1)(A).  28 U.S.C. § 2412(d)(2)(A) further provides that "'fees and other expenses' include . . . reasonable attorneys fees."

---

[1] Plaintiff contends that defendant waived the right to contest this issue by failing to respond to plaintiff's argument in his response.  Since defendant was clearly responsive, this argument is rejected.  Plaintiff also asserts that defendant lacks standing to litigate this issue.  This is an interesting argument by plaintiff regarding which neither party nor this court could find precedential case law ruling on the precise issue.  However, in a slightly different setting, the United States Supreme Court recognized that a governmental agency has standing to argue for the validity of a law, regarding collection of attorney fees after benefits have been awarded, with which it was prosecuting the attorney.  <u>U.S. Dept. of Labor v. Triplett</u>, 494 U.S. 715, 719 (1990). The government clearly has an interest in consistent interpretation and application of its laws.  The Commissioner has not shown that plaintiff owes a debt to the federal government that could be collected pursuant to 31 U.S.C. § 3716 out of the attorney fees awarded herein.  Nevertheless, if the Commissioner is not allowed to be a party where alternate interpretations of the EAJA are sought, the government will be injured by inconsistent interpretation of the EAJA and an inability to collect the debts owed to it.  Thus, the Commissioner does have standing to litigate this issue.

        4.       If "Congress has directly spoken to the precise question at issue" and "the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 461 U.S. 837, 842-43 (1984).  If the statutory language does not precisely address the issue at hand, the Supreme Court has "long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." Id. at 844.

        5.       Although this court finds the statutory language to be clear, because there is no binding precedent on this precise issue, the court reviewed the relevant case law.  The court notes that two judges in the Eastern District of Pennsylvania in Roberts v. Astrue, No. 06-3803, at *1 (E.D. Pa. Jan. 31, 2008) and Hyer v. Barnhart, No. 05-3682, at *3 (E.D. Pa. Sept. 27, 2007) determined that the language of the EAJA dictated that the award of attorney fees must be paid to plaintiff, as opposed to plaintiff's counsel.

        6.       In Dixon-Townsell v. Barnhart, the court determined there was no reason to award attorney fees to plaintiff, as opposed to plaintiff's counsel, because the attorney fees were intended to compensate the attorney, not the plaintiff.  445 F.Supp.2d 1283, 1285 (N.D. Ok. 2006). However, that holding was abrogated by the United States Court of Appeals for the Tenth Circuit in Manning v. Astrue, 510 F.3d 1246, 1253 (10th Cir. 2007) ("We reject the conclusions reached in Dixon-Townsell.  First, it neither discusses the plain language of the EAJA statute, nor considers the legislative history or case law interpreting the statute.").

        7.       The plaintiff asserts that the language of the so called savings provision of the EAJA and Congressional intent in enacting EAJA prove that attorney fees should be awarded to the

attorney directly. See e.g. Whately v. Astrue, No. 07-0117 (N.D. Ala. Nov. 2, 2007); Smith v. Astrue, No. 06-2052 (N.D. Ala. Oct. 11, 2007); Richardson v. Astrue, No. 06-0331 (W.D. Mo. Oct. 2, 2007).[2]

        8.     The savings provision provides that fee awards may be awarded pursuant to the EAJA and 42 U.S.C. § 406(b)(1), however, the attorney must "refun[d] to the claimant the amount of the smaller fee." Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186. Plaintiff argues that since the attorney has to refund the money, the attorney must have directly received the attorney fees. However, "[i]t does not state that the attorney is entitled to receive the full amount of the EAJA fees awarded," it merely prevents double compensation. Manning, 510 F.3d at 1251. Where Congress intended that the attorney be directly paid, as in 42 U.S.C. § 406(b), it is clearly stated that the payment should be "to such attorney." Thus, this court concludes the difference in the wording of these two statutes demonstrates that Congress chose not to have the EAJA fees awarded directly to the attorney. See Manning, 510 F.3d at 1252.

        9.     As for Congressional intent, the house report provides with regard to the EAJA, that "the purpose of the bill is to reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States, unless the government action was substantially justified." H.R. REP. NO. 96-1418, at 5-6 (1980). The court in Manning stated that the house report clearly demonstrated that Congress intended plaintiff to be awarded the attorney fees. 510 F.3d at 1251.

        10.    Thus, I conclude that the language of the EAJA dictates that attorney fees are to be awarded to the plaintiff and this conclusion is supported by Congressional intent and case law from the Third, Eight, Tenth, and Federal Circuits. See Roberts, No. 06-3803, at *1; Hyer, No. 05-3682, at

---

[2] These cases to do not have Westlaw or Lexis citations.

\*3;  Harris v. Barnhart, No. 06-0034, 2008 WL 151736, at \*1 (E.D. Mo. Jan. 14, 2008);  Manning, 510 F.3d at 1249-55;  McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006) (The court noted that unlike attorney fees paid pursuant to 42 U.S.C. § 406(b), that are paid directly to the attorney out of the plaintiff's social security benefits, the fees paid pursuant to EAJA are a punishment to the government for taking a position that was not substantially justified and are paid out of the Social Security Administration's funds to the plaintiff.);  Phillips v. Gen. Servs. Admin., 924 F.2d 1577, 1582 (Fed.Cir. 1991) (The court held that attorney fees awarded pursuant to EAJA must be awarded to the prevailing party, not the attorney, and if they were awarded, the plaintiff had an obligation to turn them over to the attorney.).[3]

As a result, it is hereby **ORDERED** that plaintiff's motion for attorney fees (Doc. No. 18) is **GRANTED IN PART and DENIED IN PART**.  Defendant shall pay attorney fees to plaintiff, Ma Vongphakdy, in the amount of $3,442.30.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.

---

[3] I note that in King v. Commissioner of Social Security after citing to Phillips, the United States Court of Appeals for the Sixth Circuit stated that attorney fees under EAJA are awarded for the benefit of the party, but are not for the party to keep and can be directly awarded to the attorney.  230 Fed. Appx. 476, 481-82 (6th Cir. 2007).  The court of appeals based its conclusion on the practices of the courts in the Sixth Circuit.  As stated *supra*, I find this ruling to be inconsistent with the language of the statute.